UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV15-0691

COPY

AMON, CH.J.

FILED
IN CLERKS OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB - 9 2015 ★

BROOKLYN OFFICE

------------------------------------X

MICHAEL MCCOLLOUGH,

        Plaintiff,

   -against-

MARK J. HALE, IN HIS OFFICIAL CAPACITY,
AS ASSISTANT DISTRICT ATTORNEY,
KINGS COUNTY,
DETECTIVE LOUIS SCARCELLA; JOHN DOES
1-3, INDIVIDUALLY, AND AS UNKNOWN
EMPLOYEES OF THE NEW YORK
POLICE DEPARTMENT,

        Defendants.

------------------------------------X

COMPLAINT

___ Civ. ___

    Plaintiff, MICHAEL MCCOLLOUGH, respectfully alleges that the following:

### NATURE OF ACTION

    1.  This is a civil action pursuant to the Fifth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, 28 U.S.C. §§2201 and 2202, 28 U.S.C. §1367 and <u>Skinner v. Swizer</u>, 131 S.Ct. 1289 (2011), seeking declaratory and injunctive relief for defendant's violation Plaintiff's procedural due process right by obtain evidence gathered during the course of police reinvestigation leading to his criminal conviction 25 years earlier and fail to disclose that evidence to be challenged in the state court.

    2.  Monetary damages, are also sought for defendants' constitutionally offense failure to disclose that evidence.

3. Despite Plaintiff's numerous request that defendants' disclose the evidence, they refused to do so. This lawsuit ensued.

## JURISDICTION, VENUE AND CONDITIONS PRECEDENTS

4. This action arise under the Fifth and Fourteenth Amendment to the United State Constitution, and 42 U.S.C. §1983, 28 U.S.C. §§2201 and 2202, Rule 57 of the Federal Rules of Civil Procedure, and federal common law.

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and 1343.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

7. Plaintiff has duly complied with all conditions precedents to the commencement of this action.

## PARTIES

8. Plaintiff MICHAEL MCCOLLOUGH is a prisoner incarcerated in Green Haven Correctional Facility, P.O. Box, Stormville, New York 12582-0010.

9. Defendant MARK J. HALE, ("Hale") is the Assistant District Attorney, Kings County, 350 Jay Street, Brooklyn, New York 11201-2980. Hale is being sued individually and in his official capacity. At all time relevant to this complaint, Hale exercise his power under the color of laws of the State of New York.

10. Detective Louis Scarcella ("Scarcella") was employed by the New York City Police Department. At all times relevant to this Complaint, Scarcella exercise his power under the color of law of the State of New York inasmuch as being routinely deposed in high-profile wrongful conviction suits. See, Collins v. City of New York, 11 Civ. 766 (E.D.N.Y. 2013).

11. Building on Eastern District Magistrate Judge Robert Levy's widely noted 2013 decision in Collins, may expand the paradigm for discovery in criminal cases and authorize federal relief sought herein.

12. Defendants John Does 1-3 ("Does 1-3") are fictitious. Does 1-3 describe presently unknown are New York City Police Department employees who participated in the acts challenged in this complaint. Does 1-3 are sued individually and in their official capacities as employee of the New York City Police Department. At all times relevant to the this complaint, Does 1-3 exercised their power under the color of the laws of the State of New York.

## FACTUAL BACKGROUND

### A. Plaintiff's Criminal Conviction

13. On or about December 13, 1990, Plaintiff was convicted on murder in the second degree and related offenses.

14. Plaintiff's conviction stemmed from a home invasion resulting in death of the victim.

-3-

15. Plaintiff testified; denied the allegations in the indictment and identified a key prosecution witness to the underlying events therein.

16. According to the prosecutor's theory of the case, Plaintiff entered the home of Rosalind Brostoff and in furtherance of that home invasion caused her death. Subsequently, Plaintiff entered the home of Gloria Aleong apartment, in furtherance of that home invasion stole property owned to Ms. Aleong.

17. Plaintiff was interrogated by Detective Louis Scarcella that played a role in the underlying offense. On or about the 4th day of June, 2013, Kings County Criminal Review Unit (CRU) notified Plaintiff for the express purpose of reviewing wrongfully conviction premise on misconduct by Detective Louis Scarcella. (A copy of that letter is attached herewith as Exhibit A).

18. On or about the 3rd day of June, 2014, Mark J. Hale invited Plaintiff to make written submission detailing any and all issues Plaintiff deem important in determining whether Plaintiff is innocence of the crime. (A copy of that letter is attached herewith as Exhibit B).

19. By letter dated June 10, 2014, Plaintiff answered. Informing Hale that in keeping with Rule 3.8(c)(2)(A), the Kings County office must notify and provide such exculpatory evidence i.e., upon learning Scarcella role in the pre-investigation and prosecution of Plaintiff's case must be disclosed and other

relevant documentation this office failed to disclose is inconsistant with its ethical obligation, and incompatible with a claim of entitlement within the ambit of procedural due process.

20. On or about the 8th day of July, Hale reply. There, Hale now indicate that, Scarcella' new revelation was documented 23 years earlier and not germane to Plaintiff's innocence is patently incorrect. At no time did Plaintiff (or for that matter), Plaintiff's trial counsel could have been aware of new revealtion by former Detective Scarcella's misconduct securing false confession, and had such information been available 23 years earlier Plaintiff could have shaped how Plaintiff's statement raise a substantial risk the statement was false and a contributing factor which led to a wrongful conviction. See e.g. Gristwood v. State, reported in July 15, 2014 New York Law Journal, (awarded 5.5 million for a man who confessed - conviction vacated - somebody else came forward and confessed).

21. The Gristwood decision squarely fits Plaintiff's version of the events and production, examination, and exploitation by the embattled Scarcella's role must be disclosed insofar as relevant documentary to the existence of "Butch," a/k/s/ Willoughby Wiggins, that could lead to vacatur of the conviction is case law legion.

22. At no time was Plaintiff ever provided the surrounding circumstances by the disappearance of Mr. Willoughby Wiggins nor provided documentary proof by his non-existence to the underlying offense, and upon information and belief, is still in the custody

custody of the New York City Police Department infringes on Plaintiff's procedural due process.

23. Defendants continue to refuse to disclose the evidence and upon information and belief, will continue to do so absent judicial intervention.

## AS FOR THE PLAINTIFF'S FIRST CAUSE OF ACTION

24. Plaintiff repeats the allegation contained in ¶¶-17 of this complaint and incorporate them as though fully set forth herein.

25. Does 1-3's intentional and/or deliberately indifferent by virtue of failure to file, record and identified in ¶ 20 and 21 of this Complaint for public inspection, and their continuous withholding Brady material violated Plaintiff's right to substantive and procedural due process under the Fifth and Fourteenth Amendment to the United States Constitution and thereby deprive plaintiff of the requisite finding necessary to support evidence which led to a wrongful conviction, and an opportunity to challenge that action.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

26. Plaintiff repeats the allegation contained in §§-17 thur 21 and incorporates them herein.

27. The evidence will yield results establishing or tend to establish Plaintiff's innocence and be used for the purpose of asserting a claim of actual innocence under under New York State Constitution citing People v. Hamilton, 979 N.Y.S.2d 97 (2nd

Dep't 2013), and/or due process claim under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

28. Defendants' failure to disclose this evidence deprives Plaintiff is his right and constitute cause of action recognized by <u>Fields v. Wharrie</u>, 740 F.3d 1107 (C.A. 7 2014).

<u>JURY TRIAL DEMANDED</u>

29. Plaintiff demands trial by jury of all issues in this action.

WHEREFORE, Plaintiff demands judgment against defendants as follows:

>A. As to all defendants, a declaratory judgment declaring that Plaintiff is entitled to access to the evidence for the purpose to vindicated a wrong and wrongfully convicted of the offense above;
>
>B. As to defendant Hale and Scarcella, a permanent injunction directing those defendants to provide Plaintiff with documentary proof at issue in this action and subject to be deposed that reasonably would lead to the discovery of admissible evidence;
>
>C. Nominal damages against all defendants;
>
>D. Such further relief as this Court deem just and proper.

## CONCLUSION

Based on the foregoing, the petition should be granted in its entirety.

Dated: ___ February, 2015
       Stormville, New York

SWORN TO BEFORE ME
THIS 2ND FEB. 2015

*[signature]*

KEITH J. SPOSATO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SP6248188
Qualified in Putnam County
My Commission Expires September 19, 201_5_

Respectfully submitted,

*[signature]*
Michael McCollough
Appearing Pro Se
P.O. Box 4000
Stormville, New York
12582-0010



199 WATER STREET NEW YORK, N.Y 10038-3526 TEL: 212-577-3688 FAX: 212-509-8431 www.legal-aid.org

*Richard W. Davis*
*President*

*Steven Banks*
*Attorney-in-Chief*

*Seymour W. James, Jr.*
*Attorney-in-Charge of*
*The Criminal Practice*

## PRIVILEGED & CONFIDENTIAL – ATTORNEY/CLIENT COMMUNICATION

June 4, 2013

Michael McCullough
91-A-1385
Green Haven Correctional Facility
P. O. Box 4000
Stormville, New York 12582

Dear Mr. McCullough:

I am writing to advise you that the Kings County District Attorney has recently informed our office, which was counsel for you on direct appeal, that it will be reviewing your conviction under Indictment 1849/1993. One of the detectives involved in investigating your case, Det. Scarcella, was recently found to have committed misconduct in other cases.

We would like represent you, at no charge, in connection with this review process. The first step is to carefully review the trial transcript, court file papers, and speak to any witnesses who can still be located.

If you would like the Society to represent you in this matter, please sign and return the enclosed retainer.

In addition, I would like your permission to exchange information about your case, such as the briefs, with attorneys working on other cases. Also, I would like your permission to speak to members of the press and media about your case. If you feel comfortable authorizing me to take these steps on your behalf, please check the enclosed box on the retainer.

Yours truly,

DAVID CROW
Associate Appellate Counsel
(212) 577-3282




**Kenneth P. Thompson**
District Attorney

DISTRICT ATTORNEY
KINGS COUNTY
[address]
BROOKLYN, N.Y. [...]-2908
(718) [...]
WWW.BROOKLYNDA.ORG

Michael McCullough
Din # 91A1385
Green Haven Correctional Facility
594 Rt. 216
Stormville, NY 12582-0010

July 3, 2014

Mr. McCullough:

    Kings County District Attorney Kenneth P. Thompson established a Conviction Review Unit (CRU) for the express purpose of reviewing cases to determine whether any defendant was wrongfully convicted. The CRU is examining all cases in which former NYPD Detective Louis Scarcella played a role in the investigation or prosecution. One such case is your 1990 conviction after trial for Murder in the Second Degree, Burglary in the Second Degree and other charges under Kings County Indictment Number 15779/1989.

    The CRU now formally invites you to make a written submission detailing any and all issues which you may deem important to consider in determining whether you are, in fact, innocent of the crimes for which you were convicted, or, which significantly denied you a fair trial. Please attach any documentation in support of your submission. The submission is not a legal document to be filed with the court and it does not have to be sworn or notarized, so any format you chose will suit our purpose.

    You may mail your submission to the undersigned at the address above. If you have access to a fax machine, you may fax your submission to the undersigned at (718) 250-1246. Finally, if you have access to email, you may electronically transmit your submission to halem@brooklynda.org.

    I would urge you to send your submission at the earliest possible opportunity and no later than 30 days from the above date. If you decline to send a factual submission, I would appreciate you letting the CRU know through one of the methods detailed above.

    The CRU looks forward to hearing from you in the very near future.

Yours,

*Mark J. Hale*

Mark J. Hale
Assistant District Attorney,
Unit Chief, Conviction Review Unit

Clerks

# New York Law Journal

MONDAY, JANUARY 12, 2015 — Serving the Bench and Bar Since 1888 — An ALM Publication

©2015 ALM MEDIA PROPERTIES, LLC

## Commercial Division Judge Retires But Keeps Cases

**BY AMARIS ELLIOTT-ENGEL**

ACTING Supreme Court Justice Melvin Schweitzer was required to retire Dec. 31 from Manhattan Supreme Court's Commercial Division after turning 70. But he will still be a presence in commercial litigation for another four months.

As long as all parties consent, Schweitzer said in an interview he will continue to handle all of his current inventory of 350-plus cases



FORMER Acting Supreme Court Justice Melvin Schweitzer

until April 30 as a special referee.

While he will not get new cases, he will be authorized to decide motions, preside over hearings and hold conferences. His decisions can be appealed.

He will earn an annual salary of $131,658 as a referee, according to the Office of Court Administration. As a judge, he made $174,000.

Schweitzer sought to stay on the bench by qualifying for certification as an interim Supreme Court Justice. But he was unsuccessful

## Wrongfully Imprisoned Man Cleared of Murder Conviction

**BY ANDREW KESHNER**

A BROOKLYN man who said he was framed by a detective, which led to a wrongful murder conviction and more than 20 years of incarceration, has been cleared of the crime after prosecutors deemed the case's sole witness unreliable.

Brooklyn Assistant District Attorney Mark Hale told Supreme Court Justice Raymond Guzman the prosecution could no longer stand by Derrick Hamilton's conviction for the 1991 shooting.

The lone eyewitness, Jewel Smith, was "as a whole unreliable, incredible, and for the most part untruthful," said Hale, adding that using her as a witness violated Hamilton's due process rights.

Hamilton, 49, was paroled from state prison in 2011. Lonnie Soury, a spokesman for Hamilton, said Hamilton would be filing a civil suit against the city.

The vacatur is the latest in a growing list of convictions that District Attorney Kenneth Thompson has deemed unjust. Since Thompson became the borough's top prosecutor last year, his office has undone 10 convictions and dropped the appeal of a habeas grant to an 11th man.



Derrick Hamilton leaves Brooklyn Criminal Court after his conviction was vacated Friday, holding daughter Maia, 2. At left are two of his attorneys, Scott Brettschneider and Jonathan Edelstein. Wife Nicole is third from left.

NYLJ/RICK KOPSTEIN

Embattled detective Louis Scarcella, now retired, worked on four of those cases, including Hamilton's.

Hamilton said Scarcella coerced the testimony against him but Scarcella denies wrongdoing.

Thompson's office has never faulted Scarcella during court proceedings to vacate unsound cases and Hale did not mention him Friday.

The office has reviewed about 30 cases. Spokeswoman Lupe Todd said some cases the office chose to stand behind were linked to Scarcella but she did not have the exact figure.

The Conviction Review Unit still has about 100 more » Page 7

## Judge Rebuffs Plea of Disabled Terrorist To Help Him Stay Out of 'Supermax' Prison

**BY MARK HAMBLETT**

RARELY does a sentencing hearing focus on which prison will house the defendant for the rest of his life.



## eared

tinued from page 1

s to review, 70 of which are d to Scarcella. It is one of the n's most ambitious efforts to mine whether old cases were lled properly.

a statement, Thompson said, people of Brooklyn elected o ensure that justice is done that is what my decision to te Derrick Hamilton's conviction reflects." He said his office ewed the crime scene, as well iedical and scientific evidence re concluding the witness ount was unreliable.

iamilton pressed a number ost-conviction challenges. en the Appellate Division, ond Department, ruled on latest bid last year, the court ognized a freestanding claim ictual innocence by which endants could challenge ir convictions (NYLJ, Jan. 16, 4).

Though various trial-level irts had recognized the claim, Second Department was the it appellate court in the state do so.

In Hamilton's case, Justice Ivia Hinds-Radix overruled a mmary denial of Hamilton's latt Criminal Procedure Law §440 otion and ordered a hearing. No hearing occurred because e office's Conviction Review it took the case instead.

On Friday, Guzman granted amilton's motion, joined by e prosecution, to set aside the nviction pursuant to Criminal ocedure Law §440.10(1)(h). The ovision permits a vacatur if the udgment was obtained in violaon of a right of the defendant nder the constitution of this :ate or of the United States."

"That a wrong has been corected is a tribute to the justice ystem," Guzman said from the ench, crediting the defense and rosecution for their work on the hatter.

The underlying case arose from he fatal shooting of Nathaniel :ash in Bedford Stuyvesant. At he scene of the shooting, Jewel mith, who was Cash's girlfriend, iad told a detective that she had iot seen the shooter. Hamilton said Scarcella pressured her into :hanging her story.

Though Hamilton attempted at the time to advance an alibi defense, he said he could not do so because one witness was too ill and another too scared to testify.

Smith, the key prosecution witness, testified Hamilton was the shooter.

After Hamilton's 1993 conviction, but before sentencing, he moved to throw out the verdict; at the motion hearing, Smith said



Derrick Hamilton speaks to the media after his conviction was vacated. Wife Nicole is at left.



BROOKLYN Supreme Court Justice Raymond Guzman

she had testified falsely based on threats from Scarcella.

Scarcella rejected the claim and the bid was denied.

Hamilton was then given a 25-year to life sentence. In postconviction litigation, Hamilton, among other things, presented new alibi witnesses.

### 'There's Karma in This Case'

During the Conviction Review Unit's work, prosecutors heard from alibi witnesses and reviewed medical and ballistics reports to poke holes in Smith's testimony.

While Smith testified Hamilton shot Cash in the chest, records show he was shot in the back. Likewise, ballistics reports showed two guns were used.

During the proceedings Friday, one of Hamilton's attorneys, Scott Brettschneider of Kew Gardens said Hamilton "never for one second doubted his own abilities to convince a court of law he was innocent."

He said Hamilton's interviews with The New York Times spurred the paper's review of Scarcella's cases and brought new attention to them.

"In some way, there's karma in this case," said Brettschneider, who was Hamilton's original appellate attorney.

One of Brettschneider's cocounsel, Jonathan Edelstein of Edelstein & Grossman, also discussed the case and faulted Scarcella.

But at one point Guzman cut him short.

"Detective Scarcella is not on trial here," he said, later adding he did not "want to go into aspersions at this time."

"One day in prison is too much for an innocent man," Hamilton told reporters outside court. "It's exhilarating. It's a grateful day. It's the world to me."

Hamilton, wearing a hat displaying the words "Wrongfully Convicted" and holding his two-year-old daughter, said he thought Scarcella should be in jail.

After the proceedings, Scarcella's attorneys, Joel S. Cohen and Alan Abramson of Abramson & Morak released a statement commending Thompson's conviction review effort and defending their client. They said it was "noteworthy" that when prosecutors consented to the vacatur, they did "solely" on due process grounds and "explicitly declined to consent on the grounds that Mr. Hamilton was actually innocent."

Cohen and Abramson said Thompson was clear he found "no evidence" Scarcella "did anything inappropriate while assisting the assigned detective in this case." They said no judge has issued any finding and no prosecutor has made any statement "to sustain the sensational claims that have appeared in the press that Detective Scarcella contributed to any person's wrongful conviction."

During Friday's proceedings, Robert Grossman of Edelstein & Grossman and Ilya Novofastovsky of Novo Law Firm also appeared for Hamilton.

Assistant District Attorney Tamara Edelstein also appeared for the prosecution.

@ | Andrew Keshner can be reached at akeshner@alm.com. Twitter: @ AndrewKeshner. The Associated Press contributed to this report.

**DID YOU BORROW THIS?**

Why share when you can have your own copy of the New York Law Journal delivered directly to your home or office. For subscriptions—or to purchase back issues— call 1-877-256-2472.

el McCollough
S
Avein Correctional Facility
4000
Stormville, NY 12582

RECEIVED
FEB - 9 2015
PRO SE OFFICE

Clerk of The Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



