UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL McCOLLOUGH,

                Plaintiff,

- against -

MARK J. HALE, in his official capacity as Assistant
District Attorney, Kings County; DETECTIVE LOUIS
SCARCELLA; and JOHN DOES 1–3, individually and
as unknown employees of the New York Police
Department,

                Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-691 (CBA) (CLP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 17 2015 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge:**

Plaintiff Michael McCollough, currently incarcerated in Green Haven Correctional Facility, brings this pro se action under 42 U.S.C. § 1983. McCollough alleges that his procedural and substantive due process rights were violated when the Kings County District Attorney's office failed to disclose potential misconduct by a New York City Police Department ("NYPD") detective during the investigation underlying McCollough's conviction. McCollough's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) is granted for the limited purpose of this Order. For the reasons set forth below, McCollough's complaint is dismissed, but he is granted leave to amend in accordance with this Order.

## BACKGROUND

On December 13, 1990, McCollough was convicted of murder in the second degree and related offenses. (D.E. # 1, Compl. ¶ 13.) Defendant NYPD Detective Louis Scarcella participated in the investigation underlying that conviction. (Id. ¶ 17.)

On June 4, 2013, McCollough received a letter from the Legal Aid Society (1) notifying him that the Kings County District Attorney ("D.A.") was undertaking a review of his conviction

1

because Scarcella had been found to have committed misconduct in other cases and (2) offering to represent him.[1] (Id. at 9.) On July 3, 2014, McCollough received a letter from defendant Mark Hale, an Assistant District Attorney in Kings County, notifying him that the Kings County D.A. had established a Conviction Review Unit ("CRU") to examine all cases with which Scarcella had been involved. (Id. at 10.) Hale's letter invited McCollough to make a written submission to the CRU "detailing any and all issues which you may deem important to consider in determining whether you are, in fact, innocent of the crimes for which you were convicted, or, which significantly denied you a fair trial" and to include any supporting documentation.[2] (Id.)

McCollough claims to have sent a response letter to Hale indicating that the D.A.'s office was obligated to provide potentially exculpatory information regarding Scarcella's conduct pursuant to Rule 3.8(c)(2)(A) of the New York Rules of Professional Conduct. (Id. ¶ 19.) That rule requires a prosecutor, with certain exceptions, to disclose "new, credible, and material evidence creating reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted" to both the appropriate court and the defendant. N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (Rule 3.8(c)(2)(A)). McCollough alleges that Hale replied on July 8, 2014, and informed him that "Scarcella'[s] new revelation was documented 23 years earlier and not germane to Plaintiff's innocence." (Compl. ¶ 20.) That letter is not attached to the complaint.

---

[1] McCollough's complaint refers to two letters, both of which are attached thereto. (See Compl. at 9–10.) To the extent there are any discrepancies between the letters and the relevant factual allegations in the complaint, the Court draws the relevant facts from the letters themselves. See Macer v. Bertucci's Corp., 13-CV-2994, 2013 WL 6235607, at *8 n.5 (E.D.N.Y. Dec. 3, 2013) ("In analyzing the sufficiency of a complaint, a court need not accept as true pleadings that are contradicted . . . by documents upon which its pleadings rely. . . .").

[2] McCollough does not indicate whether he availed himself of the opportunity to make such a written submission to the CRU (other than his letter requesting information, discussed above), or whether he responded to or received assistance from the Legal Aid Society.

McCollough alleges that defendants violated his procedural and substantive due process rights by failing to disclose any potentially exculpatory evidence gathered during the course of the D.A.'s review of Scarcella's participation in McCollough's case. (Id. ¶¶ 1, 25.) McCollough argues that this evidence will provide a basis for asserting a claim of actual innocence. (Id. ¶¶ 23, 27.) McCollough seeks damages, a declaratory judgment that he "is entitled to access to the evidence," and a permanent injunction directing Hale and Scarcella "to provide Plaintiff with [the] documentary proof at issue in this action." (Id. ¶ 29.)

On July 22, 2015, the Court received an additional submission from McCollough requesting an injunction directing correctional officers to refrain from reading or confiscating McCollough's legal papers and correspondence with the Court. (D.E. # 7 at 2.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts to enable "the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet the plausibility standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

The Court liberally construes McCollough's complaint as seeking relief under 42 U.S.C. § 1983 for alleged constitutional violations resulting from defendants' failure to provide information about potential misconduct by Scarcella in the investigation underlying McCollough's conviction. Specifically, McCollough asserts that defendants violated his procedural and substantive due process rights by withholding exculpatory information under Brady v. Maryland, 373 U.S. 83 (1963). (Compl. ¶¶ 25, 27.) McCollough seeks declaratory, injunctive, and monetary relief. (Id. ¶¶ 1–2.) McCollough also asks the Court to enjoin correctional officers from reading or confiscating his legal papers and correspondence with the Court. (D.E. # 7 at 2.) For the reasons stated below, the Court dismisses McCollough's complaint in its entirety, but grants leave to amend only with respect to his prison mail interference claim.

### I. Section 1983 Claims

McCollough seeks post-conviction access to exculpatory evidence—namely, information about potential misconduct committed by Scarcella during the investigation underlying his conviction. He alleges that the denial of access to this evidence violates his procedural due process and substantive due process rights under Brady.

### A. Brady Claim

McCollough's Brady claim is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court "confronted the question of whether, given the overlap between § 1983 and the federal habeas corpus statute, a prisoner seeking civil damages may proceed with a § 1983 claim where success on the claim necessarily would implicate the unconstitutionality of the prisoner's conviction or sentence." Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999). The Heck Court held that a claim for damages that would "necessarily imply the invalidity of [a] conviction or sentence" is not cognizable under § 1983 if the challenged conviction or sentence has not been invalidated. 512 U.S. at 486–87.

It is well established that "Brady-based § 1983 claims necessarily imply the invalidity of a challenged conviction." Poventud v. City of New York, 750 F.3d 121, 132–33 (2d Cir. 2014). For good reason: "the remedy for a Brady violation is vacatur of the judgment of conviction and a new trial." Id. Accordingly, Brady claims are not cognizable under § 1983 where the challenged conviction has not been invalidated. See, e.g., Poventud, 750 F.3d at 132–34; Amaker, 179 F.3d at 51; see also Skinner v. Switzer, 562 U.S. 521, 536–37 ("[A] Brady claim, when successful postconviction, necessarily yields evidence undermining a conviction. . . . Accordingly, Brady claims have ranked within the traditional core of habeas corpus and outside the province of § 1983.").

Here, McCollough claims that defendants violated his constitutional rights by denying access to exculpatory evidence, a claim that "sounds under Brady v. Maryland and therefore does indeed call into question the validity of his conviction." Poventud, 750 F.3d at 133–34. McCollough has not alleged that his conviction has been invalidated and, indeed, he is still incarcerated. Accordingly, his claim is barred by Heck and must be dismissed. See Heck, 512

U.S. at 479, 490 (claim that exculpatory evidence had been knowingly destroyed was not cognizable in § 1983); Amaker, 179 F.3d at 51 (holding that Heck barred § 1983 claim of pro se prisoner alleging that his rights "ha[d] been denied by the withholding of exculpatory evidence").

### B. Access to Non-Brady Materials

To the extent McCollough seeks access to any information that would not constitute Brady material,[3] his claim nonetheless fails because he has not alleged a cognizable constitutional violation of his substantive or procedural due process rights.

There is no established substantive due process right to post-conviction evidence. "Prior to trial, a defendant has a general right to material exculpatory evidence in the government's possession." McLean v. Brown, 08-CV-5200 (JG), 2010 WL 2609341, at *6–7 (E.D.N.Y. June 25, 2010). There is no such right after conviction, however, as the Supreme Court made clear in District Attorney's Office for Third Judicial District v. Osborne, 557 U.S. 52 (2009). See McLean, 2010 WL 2609341, at *6. In Osborne, the Supreme Court held that there is no freestanding substantive due process right to post-conviction DNA evidence. 557 U.S. at 72–73. Courts in this Circuit have likewise held that there is no substantive due process right to "access documents in the government's possession that could be germane to the question of [] guilt or innocence." McLean, 2010 WL 2609341, at *7.

McCollough's procedural due process claim likewise fails. To show that post-conviction denial of access to evidence violates due process, McCollough must show that the state procedures available for securing the evidence he seeks provide constitutionally inadequate process. Osborne,

---

[3] The Supreme Court addressed the availability of § 1983 relief in such circumstances in Skinner v. Switzer, 562 U.S. 521 (2011). In Skinner, the Supreme Court held that a complaint seeking post-conviction DNA-testing was cognizable under § 1983. 562 U.S. at 533–37. The Supreme Court concluded that Heck did not bar such a claim because the suit would not "necessarily imply" the invalidity of the plaintiff's conviction: Although the evidence sought "might prove exculpatory," it might also "prove inconclusive or . . . [even] further incriminate" the defendant. Id. at 534. Likewise, to the extent McCollough seeks any non-Brady material, which might prove exculpatory, inconclusive, or serve to further incriminate him, Heck does not bar his claim. See id.

6

557 U.S. at 69. "Federal courts may upset a State's post[-]conviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Id.

New York's Freedom of Information Law ("FOIL") permits anyone, including incarcerated individuals, to request records collected by New York state agencies, subject to certain statutory exemptions, and includes an appeals process for requests that are denied. N.Y. Pub. Off. Law § 84 et seq.; see McLean, 2010 WL 2609341, at *7 ("New York's Freedom of Information Law . . . provides the only state-created right to documentary evidence for a New York prisoner."). After exhausting these administrative remedies, a prisoner may also request judicial review in New York State courts. N.Y. Pub. Off. Law § 89(4)(b). Moreover, "an Article 78 proceeding under New York law would provide an adequate vehicle to protest against delayed or denied disclosure" under FOIL. Castillo v. Artuz, 99-CV-5801 (RR), 2000 WL 307373, at *4 (E.D.N.Y. Feb. 15, 2000). McCollough has not alleged that these procedures are so fundamentally inadequate as to be unconstitutional and, to the contrary, FOIL's procedures appear to "provide an adequate means of protecting [a] prisoner's interests, including access to judicial review in state Supreme Court in the event of an adverse administrative determination." McLean, 2010 WL 2609341, at *7. Because McCollough could have availed himself of a state procedure that cannot be characterized as fundamentally inadequate, he cannot state a procedural due process claim under § 1983.

***

The Court is mindful that leave to amend a complaint should ordinarily be freely given, Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003), particularly when dismissing a pro se complaint sua sponte. However, Heck bars McCollough's Brady claim and he cannot state a substantive or procedural due process claim based on the denial of post-conviction access to evidence under

§ 1983. Amendment to McCollough's § 1983 claims would thus be futile, and these claims are dismissed without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1). See Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006) ("[L]eave to amend a complaint may be denied when amendment would be futile.").

## II. Prison Mail Interference Claim

McCollough also asks the Court to enjoin prison officials from interfering with his legal mail. "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). "Restrictions on prisoners' mail are justified only if they further one or more of the substantial governmental interests of security, order, and rehabilitation . . . and must be no greater than [are] necessary or essential to the protection of the particular governmental interest involved." Id. (internal quotation marks omitted).

McCollough has not alleged any facts whatsoever to support a claim for prison mail interference. Accordingly, that claim, too, must be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1). Because McCollough's request for an injunction suggests that he may have experienced some sort of interference with his prison mail, however, the Court grants leave to amend this claim. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) ("A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal brackets and quotation marks omitted)).

## CONCLUSION

For the reasons stated above, McCollough's complaint is dismissed for failure to state claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court grants McCollough

leave to amend only his prison mail interference claim because amendment of his § 1983 claims would be futile. Should McCollough elect to file an amended complaint, he must do so within thirty (30) days of the date of this Order. He is advised that an amended complaint replaces the original complaint in its entirety. The amended complaint must be labeled "First Amended Complaint" and bear the same docket number as this Order. If McCollough fails to file an amended complaint within thirty (30) days, the action will be dismissed and judgment shall enter. No summonses shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: November 17, 2015
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge